## FAGAN IRON WORKS v. DAWSON REALTY CO.

(Supreme Court, Appellate Term. April 10, 1908.)

1. REPLEVIN—GROUNDS.—TITLE AND RIGHT TO POSSESSION.

Replevin is a possessory action, and to maintain it plaintiff must have title to and right to possession of the chattels in question.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 45.]

2. SAME.

Defendant contracted with M. for the erection of certain iron work in houses then being erected, and was to pay for the iron furnished at different stages of the work. M. ordered nine iron columns of plaintiff to fulfill the contract. The columns were delivered at the premises, and three were actually put into the building. M. had received more than was due at that stage of the construction, including the columns in question; but, being unable to pay for the six columns, M. authorized plaintiff to take them back, and upon defendant's refusal to pay for the columns, or allow them to be taken away, plaintiff brought replevin. Held, that plaintiff had lost title and could not maintain the action.

Appeal from Municipal Court, Borough of Manhattan, First District.

Replevin by the Fagan Iron Works against the Dawson Realty Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAY-TON, JJ.

Monfried & Feinberg, for appellant.
Eidlitz & Hulse, for respondent.

PER CURIAM. The facts are substantially as follows, viz.: Defendant was erecting five houses on its premises at Wales avenue and 155th street, and it entered into a written contract with the Municipal Iron Works, a corporation, for the erection of the architectural and ornamental iron work. In order to carry into effect this contract the Municipal Iron Works ordered from plaintiff nine iron columns, a part of the iron necessary for the completion of the contract. These nine columns were duly delivered at the premises, and three of them actually put into the building. The Municipal Iron Works failed to pay for six columns, and finally, being unable to pay for the same, authorized plaintiff to take back the six columns. Plaintiff gave defendant an option to pay plaintiff for the columns, which defendant refused to do, and also refused to allow plaintiff to take away the columns. Plaintiff brought this action in replevin, and obtained judgment in its favor. Defendant appeals.

Replevin is a possessory action, and in order to maintain the action plaintiff must have title to and right to possession of the chattels. In the case at bar plaintiff conveyed title to the Municipal Iron Works, but the latter attempted thereafter to reinvest plaintiff with title by authorizing plaintiff to take back the chattels. The evidence, however, shows that the Municipal Iron Works had previously divested itself of title by virtue of its contract with defendant, and could not reinvest plaintiff with title to the chattels. By its contract with defendant the Municipal Iron Works were to furnish certain iron to be paid for at different stages of the work. The iron in question was so furnished by the Municipal Iron Works, which had received therefor more than it was entitled to receive at that stage of the construction, including the iron in suit. Inasmuch as the testimony herein shows that the plaintiff has lost title to the chattels, this action in replevin cannot be maintained, and the judgment must be reversed. As there is a possibility, however, that plaintiff, upon another trial, may present testimony tending to show a somewhat different state of facts, a new trial will be granted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.